UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LIGHTHOUSE IMAGING, LLC,      ) | |
|                                 ) | |
|         Plaintiff,         ) | |
|                                 ) | |
| v.                                       ) | Docket no. 2:13-cv-237-GZS |
|                                 ) | |
| ONE BEACON AMERICA INSURANCE    ) | |
| COMPANY,         ) | |
|                                 ) | |
|         Defendant.       ) | |

**ORDER & REPORT OF CONFERENCE**

In accordance with the Court's prior Orders & Notices (ECF No. 15 & 20), the Court held a conference of counsel on October 11, 2013 to discuss Plaintiff's Notice of Intent to File Summary Judgment (ECF No. 14) & Defendant's Notice of Intent to File Cross-Motion for Summary Judgment (ECF No. 17). Attorneys Christian Chandler and Stephanie Green appeared for Plaintiff. Attorneys Michael Hayden and Rachel Davison appeared for Defendant. Following the conference, the Court hereby ORDERS that the following procedure be followed in connection with the to-be-filed motions:

On or before **November 12, 2013**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this filing. The Stipulated Record may include any exhibits and depositions[1] (including any exhibits to the depositions) that all sides agree will be referenced in the statements

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

of material fact. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motions. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **November 12, 2013**.

By **November 20, 2013**, Plaintiff shall file its motion for summary judgment. Plaintiff's motion for summary judgment shall not exceed twenty (20) pages.

By **December 18, 2013**, Defendant shall file its combined cross-motion for summary judgment and response to Plaintiff's motion for summary judgment, which shall not exceed twenty (20) pages.

By **January 2, 2014**, Plaintiff shall file its reply in support of Plaintiff's motion for summary judgment and response in opposition to Defendant's cross-motion, which shall not exceed ten (10) pages.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Each side may file a statement of material fact. Absent prior court approval, each party's statement of material facts shall not exceed thirty (30) paragraphs. Any additional statement of material facts by either party shall not exceed ten (10) paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts

submitted in a statement of material facts.  Absent a specific citation, the Court has no duty to consider any part of the record submitted.  To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF No. 11), these deadlines shall remain stayed pending further order of the Court.  To the extent that any issues remain for trial after the Court issues its final decision on the motions for summary judgment, the parties shall propose a revised scheduling order that re-establishes any necessary deadlines within fourteen (14) days of the filing of the Court's final decision.

SO ORDERED.

                                                          /s/ George Z. Singal  
                                                          United States District Judge

Dated this 11th day of October, 2013.